# United States District Court
## For The Central District of California

| | |
|---|---|
| HAVENSIGHT CAPITAL, LLC, | **CV 2:14-07153- R** |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF CURRENT JUDGE AND REASSIGNMENT TO A DIFFERENT JUDGE [66]** |
| v. | |
| NIKE, INC., | |
| Defendants. | |

## BACKGROUND

On September 12, 2014 Plaintiff filed suit against Nike, Inc., asserting causes of action for intentional interference with prospective economic relations, unfair competition and trade practices, commercial misappropriation, intentional interference with contractual relations, negligence and invasion of privacy. The complaint seeks 98.6 million dollars in compensatory damages.

On October 2, 2014, prior to Nike filing a responsive pleading, Plaintiff filed a motion for summary judgment. [14] On October 7, 2014 Nike, Inc. Filed a Motion to Dismiss pursuant to FRCP Rule 12(b)(6). [12] On October 8, 2014 Plaintiff sought entry of default against Nike, Inc. on the grounds that service of a responsive pleading was sent to plaintiff's counsel at the address reflected on the face of the complaint and not

plaintiff's registered agent for service of process in the U.S. Virgin Islands. [24] Even more curious was the fact that the proof of service for the motion for default shows service upon defendant at least four days before a responsive pleading was due. [25] That motion, as well as plaintiff's request for writ of attachment and writ of execution were stricken by court order on October 15, 2014. [32].

On November 5, 2014 the court denied Plaintiff's motion for summary judgment on the grounds that plaintiff's motion was not supported by evidence either essential to establishing elements of the causes of action or showing a lack of genuine dispute of material fact. [44]

On November 19, 2014 the court granted defendant's motion to dismiss the complaint without leave to amend. [49]   This was followed by Nike's motion for attorney's fees pursuant to California Civil Code 3344. [52]  The same day, Plaintiff filed his one paragraph opposition to the motion. [53]  That motion was set to be heard on January 5, 2015.  For all practical purposes, this file was then closed and the docket so reflects.

Yet, plaintiff was undeterred.  On December 4, 2014 plaintiff filed a "motion for case to be reopened" which strangely begins with the heading "Request for Entry of Default Judgment and Contempt of Court."  In any event, Plaintiff asserts that the case should be reopened and the motion to dismiss reconsidered on the basis of "new evidence and allegations [which] have come forth." Mtn at p.1  That evidence consisted primarily of published articles about Nike completely unrelated to the facts of this case. [54].  On December 5, 2014 Plaintiff filed a Motion to Vacate the Court's Order of Dismissal. [58] Plaintiff persists in his argument that defendant's service of a responsive pleading upon plaintiff's counsel at the address listed on the complaint is not sufficient service.

Then things really got strange.  Beginning December 5, 2014, Plaintiff began propounding discovery requests in the form of Request for Production.  See [61, 62, 67,

Page 2

68] No evidence of actual service of this discovery is evident other than the efiling. The discovery is served "under Rule 26 [disclosures] and 30 [depositions] of the FRCP." See e.g. Plaintiff's Request for Production, docket entry 61. The requests do not comply with FRCP Rule 34 in a number of respects, such as specifying a date by which production is to be made. However, this is not relevant to the matter now before the court.

On December 8, 2014 Plaintiff filed a motion to Reassign the Case to a different judge. That motion was randomly assigned to this court for determination. [69].

**LEGAL STANDARD**

Under 18 U.S.C. § 455(a), the standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The statute provides in part "(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . "

From the allegations of the Motion for Reassignment, it is difficult to determine upon which provision of the statute plaintiff relies. For example, Plaintiff alleges that reassignment is "proper in any cases where the judge has bias or prejudice to (sic) a party, as a result of Defendant counsel's conduct." The specifics are spare, but as an

apparent example of the rationale for concluding that Judge Real may not be impartial, it is alleged that defendant entered confidential settlement offers into the public record. We are offered no specifics of what public record is being referenced. More importantly, the motion is silent as to whether Judge Real was aware of this publication, or whether he himself presided over the settlement negotiations or why and in what respect a settlement offer would affect his impartiality. Secondly, and lastly, it is alleged that defendant contracted with the U.S. Marshal "to prejudice" plaintiff. The court has no idea what Plaintiff is referring to, what prejudice is being referenced, how the U.S. [1]Marshal Service is equipped or inclined to prejudice plaintiff, and what information Judge Real has regarding any of this.

Finally, the Plaintiff offers no advice as to why this motion is not mooted by the closing of this file. Plaintiff states "it would be in the interest of justice, now that these new violations, and also new evidence has come to light[2] for a Judge that did not initially rule on the case, to adjudicate the claims at hand, on their merits." In point of fact, there is nothing left to adjudicate other than defendant's request for attorneys fees. There is no operative complaint and the case is closed.

---

[1] Plaintiff'S counsel is admonished to comply with local rules 7-5, 11-3.1.1, 11-3.2 in all future filings. Future non-compliance will result in rejection of those non-conforming documents.

[2] It is unclear what is meant by new evidence. The publications and press releases are dated 2/18/2003 alleged price fixing; 1/17/2006 French investigation into Nike sponsored soccer team; 12/14/2012 Oakley's lawsuit against McIlroy and Nike, in which Nike prevailed; 6/9/2014 Nike's reported revenues for 2013; and 3/10/2014 article concerning Nike and Adida's battle for soccer supremacy.

Page 4

Plaintiff has failed completely in its half-hearted attempt to justify reassignment of this matter to a new judge. Plaintiff is apparently unmindful of local rule 7-5 or what should be common sense in any jurisdiction in this country that moving papers must contain a "brief by complete memorandum in support thereof and the points and authorities upon which the moving party will rely." The entire motion consists of barely eight lines of type with no points and authorities nor even a brief memorandum in clear and concise language setting forth the justification for the relief requested. This so-called motion is not worthy of a pro se litigant, much less a member of the bar. The motion is DENIED

IT IS SO ORDERED.

DATED: December 11, 2014

_____
OTIS D. WRIGHT, II
DISTRICT JUDGE